### THE CRESCO.

### THE SCOW 79.

### SCHUYLKILL TRANSP. CO. et al. v. AMERICAN DREDGING CO. et al.

### No. 5321.

Circuit Court of Appeals, Third Circuit.

June 28, 1934.

Everett H. Brown, Jr., and Shields, Clark, Brown & McCown, all of Philadelphia, Pa., for appellants.

Lewis, Adler & Laws, of Philadelphia, Pa. (Francis S. Laws, of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below, the American Dredging Company, owner of Scow No. 79, filed a libel against the Schuylkill Transportation Company and steam tug Cresco, alleging that the latter had collided with and injured the scow. On hearing, the court below found the tug solely at fault and entered a decree against it; whereupon this appeal was taken. After due consideration had, we are of opinion the court below committed no error.

For some time prior to the collision, the American Dredging Company was dredging the dock between the Camden City Pier and the pier to the northward. On the day in question, its dredge, Columbia was moored with spuds to the former pier and the scow was made fast to the starboard side of the dredge. Both vessels were within the pier head line and, of course, out of the channel for vessels navigating the Delaware river. It was working in water of a depth from three to six feet. On the morning of the collision, there was a fog on the river, and the Cresco was navigating by compass. It is clear she got out of the channel, and that, if she had continued her course, she would have run into the Camden Municipal Pier instead of striking the scow. The court below found

972

no fault on the part of the dredge. It was in the basin of the pier. While lying there, it was not bound to sound any whistle, and, while the tug sounded its whistle in the fog, the dredge had no reason to believe that the whistle came from a vessel navigating outside the channel.

Agreeing as we do with the court below, its decree is affirmed.